Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
CARLOS TAPIA and GABRIEL MARTINEZ, individually and
on behalf of all others similarly situated,

                        Plaintiff,

-against-

PESCE PASTA QUATTRO INC., and JAMES MARCHIGNOLI
and CHRISTOPHER MARCHIGNOLI, as individuals,

                        Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

1. Plaintiffs, **CARLOS TAPIA and GABRIEL MARTINEZ, individually and on behalf of all others similarly situated,** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiffs, **CARLOS TAPIA and GABRIEL MARTINEZ, individually and on behalf of all others similarly situated,** through undersigned counsel, bring this action against **PESCE PASTA QUATTRO INC., and JAMES MARCHIGNOLI and CHRISTOPHER MARCHIGNOLI, as individuals,** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at PESCE PASTA QUATTRO INC, located at 625 Columbus Avenue, New York, New York 10024.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff CARLOS TAPIA residing at 295 Fort Washington Avenue, New York, New York 10031, was employed by Defendants from in or around 1996 until in or around April 2015.
9. Plaintiff GABRIEL MARTINEZ residing at 102-35 47th Avenue, Corona, New York 11368, was employed by Defendants from in or around 2007 until in or around October 2016.
10. Upon information and belief, Defendant, PESCE PASTA QUATTRO INC., is a corporation organized under the laws of New York with a principal executive office 625 Columbus Avenue, New York, New York 10024.
11. Upon information and belief, Defendant, PESCE PASTA QUATTRO INC., is a corporation authorized to do business under the laws of New York.
12. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI owns and/or operates PESCE PASTA QUATTRO INC.
13. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI is the Chairman of the Board of PESCE PASTA QUATTRO INC.

14. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI is the Chief Executive Officer of PESCE PASTA QUATTRO INC.
15. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI is an agent of PESCE PASTA QUATTRO INC.
16. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI has power over personnel decisions at PESCE PASTA QUATTRO INC.
17. Upon information and belief, Defendant CHRISTOPHER MARCHIGNOLI has power over payroll decisions at PESCE PASTA QUATTRO INC.
18. Defendant CHRISTOPHER MARCHIGNOLI has the power to hire and fire employees at PESCE PASTA QUATTRO INC. establish and pay their wages, set their work schedule, and maintains their employment records.
19. During all relevant times herein, Defendant CHRISTOPHER MARCHIGNOLI was Plaintiffs' employer within the meaning of the FLSA and NYLL.
20. Upon information and belief, Defendant JAMES MARCHIGNOLI owns and/or operates PESCE PASTA QUATTRO INC.
21. Upon information and belief, Defendant JAMES MARCHIGNOLI is the Chairman of the Board of PESCE PASTA QUATTRO INC.
22. Upon information and belief, Defendant JAMES MARCHIGNOLI is the Chief Executive Officer of PESCE PASTA QUATTRO INC.
23. Upon information and belief, Defendant JAMES MARCHIGNOLI is an agent of PESCE PASTA QUATTRO INC.
24. Upon information and belief, Defendant JAMES MARCHIGNOLI has power over personnel decisions at PESCE PASTA QUATTRO INC.
25. Upon information and belief, Defendant JAMES MARCHIGNOLI has power over payroll decisions at PESCE PASTA QUATTRO INC.
26. Defendant JAMES MARCHIGNOLI has the power to hire and fire employees at PESCE PASTA QUATTRO INC., establish and pay their wages, set their work schedule, and maintains their employment records.
27. During all relevant times herein, Defendant JAMES MARCHIGNOLI was Plaintiffs' employer within the meaning of the FLSA and NYLL.

28. On information and belief, PESCE PASTA QUATTRO INC. has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

29. Plaintiff CARLOS TAPIA was employed by Defendants from in or around 1996 until in or around April 2015.
30. During Plaintiff CARLOS TAPIA'S employment by Defendants, Plaintiff's primary duties were as a dishwasher, kitchen worker, and delivery person, and performing other miscellaneous duties from in or around 1996 until in or around April 2015.
31. Plaintiff CARLOS TAPIA was paid by Defendants approximately $5.00 per hour from in or around 2012 until in or around April 2015.
32. Defendants failed to pay Plaintiff CARLOS TAPIA the legally prescribed minimum wage for his hours worked from in or around 2012 until in or around April 2015, a blatant violation of the minimum wage provisions contained in the FLSA and NYLL.
33. Although Plaintiff CARLOS TAPIA worked approximately sixty (60) hours or more per week from in or around 2012 until in or around April 2015, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
34. Plaintiff GABRIEL MARTINEZ was employed by Defendants from in or around 2007 until in or around October 2016.
35. During Plaintiff GABRIEL MARTINEZ'S employment by Defendants at PESCE PASTA QUATTRO INC., Plaintiff's primary duties were as a cook and kitchen worker and performing other miscellaneous duties from in or around 2007 until in or around October 2016.

36. Plaintiff GABRIEL MARTINEZ was paid by Defendants approximately $600.00 per week from in or around 2012 until in or around 2014 and approximately $655.00 per week from in or around 2015 until in or around October 2016.
37. Although Plaintiff GABRIEL MARTINEZ worked approximately sixty (60) hours or more per week from in or around 2012 until in or around October 2016, during his employment with Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.
38. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
39. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
40. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

41. Plaintiffs bring this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
42. Collective Class: All persons who are or have been employed by the Defendants as dishwashers, cleaners, kitchen workers, cooks, and delivery personnel, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

43. Upon information and belief, Defendants employed between 20 and 25 employees within the past three years subjected to similar payment structures.
44. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
45. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work without receiving minimum wage compensation.
46. Defendants' unlawful conduct has been widespread, repeated, and consistent.
47. Upon information and belief, Defendant had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
48. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
49. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
50. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
51. The claims of Plaintiffs are typical of the claims of the putative class.
52. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
53. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

54. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

55. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
56. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
57. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
58. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).
59. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
60. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

61. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
62. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
63. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

64. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Minimum Wages Under The Fair Labor Standards Act**

65. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
66. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
67. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
68. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
69. Defendants willfully failed to pay Plaintiffs a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.
70. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.
71. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiffs' compensation.
72. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
**Minimum Wages Under New York Labor Law**

73. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

74. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of NYLL §§2 and 651.

75. At all times relevant to this action, Defendants were employers within the meaning of NYLL.

76. Defendants failed to record, credit or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL §652.

77. Defendants also failed to pay Plaintiffs the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

78. Due to Defendants' NYLL violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to his unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

## FIFTH CAUSE OF ACTION
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

79. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

80. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

81. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION
**Violation of the Wage Statement Requirements of the New York Labor Law**

82. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
83. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)
84. Defendants are liable to each Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiffs unpaid minimum wages;
c. Awarding Plaintiffs unpaid overtime wages;
d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiffs prejudgment and post-judgment interest;
f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: This 27th day of April 2018.

Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
69-12 Austin Street
Forest Hills, NY 11375
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS TAPIA and GABRIEL MARTINEZ, individually and on behalf of all others similarly situated,

                        Plaintiff,

    -against-

PESCE PASTA QUATTRO INC., and JAMES MARCHIGNOLI and CHRISTOPHER MARCHIGNOLI, as individuals,

                        Defendants.

## COLLECTIVE ACTION COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
69-12 Austin Street
Forest Hills, NY 11375
Phone (718) 263-9591
Fax (718) 263-9598

**TO:**

**TRATTORIA PESCE PASTA QUATTRO INC.**
**313 WEST 46TH STREET**
**NEW YORK, NEW YORK 10036**

**JAMES MARCHIGNOLI**
**313 WEST 46TH STREET**
**NEW YORK, NEW YORK 10036**

**CHRISTOPHER MARCHIGNOLI**
**313 WEST 46TH STREET**
**NEW YORK, NEW YORK 10036**